DAVID I. ANDERSON and others, executors of JOHN ANDERSON, deceased, appellants, *vs*. MARIA BERRY and others, respondents.

An appeal will lie from order of Orphans Court fixing the amount of executor's commissions.

This is a constitutional right, and the legislature has not the power to abridge or take it away.

But the Prerogative Court will not exercise its jurisdiction to review the

Anderson *v.* Berry.

decision of the Orphans Court in a matter of this kind, except in case of a manifest error in judgment.

Where the amount of commissions allowed the executors is grossly inadequate, it is the duty of the Ordinary to substitute his own judgment, and exercise his own discretion upon the subject matter.

---

*H. A. Williams* and *A. S. Pennington,* for appellants.

*A. O. Zabriskie,* for appellees.

THE ORDINARY. This is an appeal, taken by the executors of the last will, &c., of John Anderson, deceased, from a decree of the Orphans Court of the county of Bergen, in the statement and allowance of their account. The only matter of complaint is as to the allowance of commissions. The executors had previously settled their accounts relating to the general administration of the estate of the testator. In the settlement of that account, commissions were allowed the executors, and with that allowance no dissatisfaction is expressed, and from it no appeal was taken. By the will of John Anderson, the duty was imposed upon the executors of collecting certain rents in the city of New York. As to the collection and disbursements of these rents, the executors very properly make annual settlements with the Orphans Court. In the year 1853, they collected $18,034.13. Out of this amount they paid the taxes, insurance, &c., on the property, a number of small debts owing by the estate, and the balance remains in their hands, to be disposed of to certain legatees named in the will. The court allowed them $360.68 for commissions. The executors complain that this allowance is too small, and the object of this appeal is to have these commissions increased.

The respondents deny the jurisdiction of this court as to the subject matter of the commissions. They insist that, by the statute, the subject of commissions is submitted entirely to the discretion of the Orphans Court, and that this court has no control over that discretion. It is admitted, that if the Orphans Court, in allowing or refusing proper commis-

U *

sions, err in the application of any principle of law, the Prerogative Court may rectify such error; but where the mere question is as to the *quantum* of allowance, it is insisted this court cannot review the determination of the Orphans Court.

By section 4, under article 6 of the constitution, it is declared, "all persons aggrieved, by any order, sentence, or decree of the Orphans Court, may appeal from the same, or from any part thereof, to the Prerogative Court. The object of this provision was to give to the Prerogative Court a review of all orders, sentences, and decrees of the Orphans Court, as well as to matters of fact as of law. It is an *appeal* that is given, that is a review or rehearing upon all determinations or adjudications made by the Orphans Court.

In *Runkle* v. *Gale,* 3 *Halst. Ch. R.* 106, and in *Stevenson's Administrators* v. *Hart's Executors, ib.* 473, the point was raised, in both cases, whether this court would entertain an appeal on the simple question of the amount of commissions. The Ordinary, however, merely referred to the question as one raised on the argument, but said it was not necessary for the decision of the case to examine it.

I cannot doubt the jurisdiction of the court. It is conferred by the constitution, and the legislature have not the power, if they were so disposed, to take it away or abridge it. The only legislation upon this subject is to be found in the "Statutes of New Jersey," page 214, section 26. This statute was passed April 16th, 1846, when the general revision of the laws took place. It is an exact copy of the law of 1820. This shows it was not passed with any reference to the appeal to the Prerogative Court given by the constitution of 1844. There is nothing in the statute which looks like making the matter of commissions one *exclusively* for the discretion of the Orphans Court. The statute does not confer in terms the power upon the Orphans Court to allow commissions; but taking it for granted that the court, from the very character of its jurisdiction and incidental powers, is necessarily clothed with authority to allow commissions, it fixes or es-

tablishes the principle upon which such allowance shall be made. It declares, that "the allowance of commissions to executors, administrators, guardians, or trustees shall be made with reference to their actual pains, trouble, and risk in settling such estate, rather than in respect to the quantum of estate."

I think there can be no doubt but that this court may entertain an appeal on the simple question of the amount of commissions. It is a right granted by the constitution, which this court cannot deny. Upon such an appeal, the appellant has a right to the judgment of the Ordinary upon the subject matter appealed from.

But although the jurisdiction of this court cannot be denied, yet the principles upon which it will exercise that jurisdiction presents a different question. The amount of commissions is a matter submitted entirely to the discretion of the court, to be regulated and governed upon the principles established by the statute. Where the commissions have been fixed by the Orphans Court this court ought not to disturb their determination, unless they have committed some manifest error of judgment. Where the same facts are before this court as were before the court below, with the same opportunity of judging of the "actual pains, trouble, and risk in settling the estate," and in the judgment of the Ordinary the amount of commissions allowed is grossly inadequate, it is the duty of the Ordinary to substitute his own judgment, and exercise his own discretion upon the subject matter. But, unless there is palpable manifest error, the Ordinary ought not to interfere. The object of the appeal is to afford an aggrieved party the opportunity of having some *error*, by which he is the sufferer, reviewed and corrected by this court. The error should be made manifest.

In this case I cannot say that the Orphans Court erred. The amount of commissions is not grossly inadequate to the services rendered. They are certainly moderate; but on carefully examining all the facts before me, I am unwilling to say that the Orphans Court erred in judgment.

The order of the Orphans Court is affirmed.